| | | |
|---|---|---|
| **HENRY CONSULTING, LLC** | * | **NO. 2025-CA-0171** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **THE NEW ORLEANS CITY COUNCIL** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

\* \* \* \* \* \* \*

CONSOLIDATED WITH:

RAMELLI JANITORIAL SERVICES, INC.

VERSUS

CITY OF NEW ORLEANS, HENRY CONSULTING, LLC., THE COUNCIL OF THE CITY OF NEW ORLEANS

CONSOLIDATED WITH:

NO. 2025-CA-0172

**JENKINS, J., CONCURS IN RESULT AND ASSIGNS REASONS**

I concur with the majority to reverse the district court. The district court erred in ordering the New Orleans City Council to vote to authorize the Council President to sign the professional services agreement between the City and Henry Consulting, LLC, and further ordering the Council President to sign the professional services agreement between the City and Henry Consulting, LLC. Per the New Orleans Home Rule Charter, the New Orleans City Council, as the legislative branch, is not vested with the authority to approve, execute and/or sign contracts on behalf of the City of New Orleans. Therefore, there exist no duty or ministerial function for which the district court can mandate the City Council to act upon as it relates to this contract.

Louisiana law provides that a writ of mandamus may compel the performance of a ministerial duty required by law. Whether the City Council has a ministerial duty to vote is contingent on the specific law governing the City Council's actions. The execution and signing of contracts for the City of New Orleans is vested in the executive branch of city government. I find that a

ministerial duty does not exist in this matter, as the New Orleans Home Rule Charter does not provide for the signing of contracts by the City Council except those administered by the Council.[1]

The Louisiana Constitution allows local government subdivisions to retain their powers, functions, and duties unless inconsistent with the constitution.[2] Article II, section 1 of the Louisiana Constitution establishes the branches of government: legislative, executive, and judicial. Section 2 of the article provides: "[e]xcept as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others." La. Const. art. II, § 2. As such, "the judicial branch may not usurp those powers which are vested in the other two branches." *Plaquemines Par. Gov't v. Hinkley*, 2019-0929, p. 6 (La. App. 4 Cir. 4/22/20), 364 So.3d 214, 218. The

---

[1] City of New Orleans Home Rule Charter, Article VI, § 6-308 provides in relevant parts:

> (1) All formal written contracts to which the City is a party, except those executed pursuant to paragraph (5)(c) of this section, shall be signed by the Mayor or, under the Mayor's authorization, by the Chief Administrative Officer or the Director of Property Management. Contracts may be proposed by any officer, department or board but, before being presented for signature, shall be approved by the Department of Law as to form and legality. The City shall establish and maintain a program to encourage disadvantaged business enterprises to participate in any such contracts.

> ***

> (5)(c) Contracts for professional services administered by the Council, pursuant to its Charter functions, legislative authority and responsibilities, and regulatory authority and responsibilities, shall be awarded on the basis of a competitive selection process which shall be established by rule of the Council. Such contracts shall be signed by the Council president upon authorization by Motion adopted by a majority of the entire membership of the Council, except that pursuant to Section 4-403(2), contracts to employ special counsel shall require a two-thirds vote of the Council's entire membership. The Council rule may except contracts executed solely to assist the office of an individual councilmember.

[2] Article VI, section 4 of the Louisiana Constitution provides:

> Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.

district court judicially overreached its authority in the ordering the City Council to vote, and further instructing the City Council on the manner in which it should vote.